UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH WESTFIELD,

                    Plaintiff,

          v.

REMINGTON LODGING &
HOSPITALITY, LLC, et al.,

                    Defendants.

Case No.  20-cv-08956-JSW

**ORDER TO SHOW CAUSE
REGARDING DIVERSITY OF
CITIZENSHIP AND VACATING
HEARING ON MOTION TO REMAND**

Re: Dkt. No. 1

On December 15, 2020, Defendants removed this case from the Superior Court of

California, County of Contra Costa to the United States District Court for the Northern District of

California.  In their Notice of Removal, Defendants assert that this Court has diversity jurisdiction

over the action pursuant to 28 U.S.C. § 1332(a) and that removal is proper under 28 U.S.C. §

1441(b).  (Dkt. No. 1, Not. of Removal ¶ 5.)  Defendants allege that Plaintiff is a California

citizen.  (*Id.* ¶ 6.)  Defendants also allege that: Remington Lodging & Hospitality, LLC, "is a

limited liability company formed under the laws of the State of Delaware, having its principal

place of business in the State of Texas"; Ashford Walnut Creek LP "is a limited partnership

formed under the laws of the State of Delaware, having its principal place of business in the State

of Texas"; and Ashford TRS Walnut Creek, LLC, "is a limited liability company formed under the

laws of the State of Delaware, having its principal place of business in the State of Texas."  (*Id.*)

Under Ninth Circuit law, "an LLC is a citizen of every state of which its owners/members

are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Similarly, the citizenship of a limited partnership "depends on the citizenship of 'all the

members.'"  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*,

129 U.S. 677, 682 (1889)).  Here, although Defendants allege that they are limited liability

United States District Court
Northern District of California

United States District Court
Northern District of California

companies and a limited partnership in the Notice of Removal, they have not included information about the citizenship of their owners and members.  *See, e.g.*, *Hale v. MasterSoft Int'l Pty., Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) ("Other courts . . . have uniformly held that a limited liability company is a citizen of the states of which its members are citizens, and is not a citizen of the state in which it was organized unless one of its members is a citizen of that state.") (collecting cases); *see also Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438 (9th Cir. 1992) (noting that the party asserting diversity jurisdiction must "specify affirmatively the citizenship of all relevant parties . . . which in the case of a limited partnership . . . are the partners").  If any of Defendants' members are citizens of California, complete diversity would be lacking.

Accordingly, Defendants are HEREBY ORDERED TO SHOW CAUSE in writing by no later than February 9, 2021, why this matter should not be remanded to state court for lack of subject matter jurisdiction.

It is FURTHER ORDERED that, the Court has considered the parties' papers regarding Plaintiff's motion to remand, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  Accordingly, the Court HEREBY VACATES the hearing set for March 26, 2021.  If the Court is satisfied that it has jurisdiction over this matter, a written ruling on that motion shall issue in due course.

**IT IS SO ORDERED.**

Dated: February 2, 2021

_____
JEFFREY S. WHITE
United States District Judge